her husband, who at that time paid $10 on account of the purchase price, and executed the chattel mortgage in evidence, and for whose foreclosure this action was brought; that some payments have been made on the the purchase price, but she is unable to state the exact status of the account; that, when her husband abandoned her, she went into possession of the piano, and it is now with her parents. The record shows indisputably that at the time of the commencement of the action the piano was in her possession, and failure to consent to a sale for the purposes of applying the proceeds in payment of the amount due is evident from the fact that, upon her motion, an order was made in the Municipal Court, soon after the commencement of the action, vacating a warrant of seizure which had theretofore been executed. The plaintiff sold the piano. The purchase price was not all paid. He took a chattel mortgage to secure the balance. There was due at the day of the trial the sum of $77.90, and the plaintiff is entitled to the foreclosure of his lien, irrespective of whether the answering defendant or her husband executed the chattel mortgage. The complaint does not demand any personal judgment against the answering defendant, and it is therefore evident that the only possible defense that she could urge was that she had not been in possession. But the piano was seized at the time the action was commenced while under her physical control, and her only defense fails.

The judgment should be reversed and a new trial ordered, costs to abide the event. All concur.

---

(122 App. Div. 488.)

### WELLS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department.　November 29, 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—TRANSFERS.

    Under Railroad Law, Laws 1892, p. 1406, c. 676, § 104, requiring a street railway to carry a passenger on a continuous trip between any two points on its road and to give a transfer to the passenger entitling him to make the trip, a passenger starting north and then transferring west was entitled to transfer south, and was not limited to a transfer in the same general direction in which he started—north.

Appeal from Municipal Court of New York.

Action by Fullerton Wells against the New York City Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and a new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Fullerton Wells, in pro per.

GAYNOR, J.　The action is for the statute penalty of $50 prescribed by section 104 of the Railroad Law, Laws 1892, p. 1406, c. 676, for refusing a transfer to a passenger. The plaintiff was at the corner of Lexington avenue and 102nd street, Manhattan borough, and wanted to go to the corner of Columbus avenue and 93rd street. These two points are on opposite sides of Central Park, the one on the East and the

other on the West side. The plaintiff took the defendant's car on Lexington avenue going north, and on paying his fare asked for a transfer ticket that would take him to the said point he was going to. The conductor said he could not give it to him, but gave him a transfer ticket to go west on the cars on 116th street to Columbus avenue. The plaintiff took a car west on that street and on giving the conductor the transfer ticket for his fare asked him for a transfer ticket south on a Columbus avenue car to his said place of destination, viz., the corner of the said avenue and 93rd street, but it was refused him. He took a Columbus avenue car south, and was obliged to pay another fare. The defendant claims that as the plaintiff started north at the beginning, he was not entitled to a transfer ticket to go south at any stage of his journey—that the transfers must all be in the same general direction as the start, and that while he could have had a transfer north on Columbus avenue he was not entitled to one south. There is no such limitation in the statute. The plaintiff could not get from his starting point to his destination except by going as he did north, then west, then south by Columbus avenue, unless he first went south, then west by 59th street, then north by Columbus avenue. Either of these was his direct way to get from the one point to the other. The statute requires a village or city street railroad company to carry a passenger on a continuous trip "between any two points" on its road, or any connecting roads or lines operated or controlled by it, for one fare, and to give a transfer to the passenger entitling him to make the trip. That means across town as well as through town.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.